**MEI XIA WANG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–4910–ag.

United States Court of Appeals, Second Circuit.

May 8, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Dunn Lampton, United States Attorney for the Southern District of Mississippi, Linda R. Anderson, Assistant United States Attorney, Jackson, Mississippi, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Mei Xia Wang petitions for review of the September 2005 decision of the BIA affirming Immigration Judge ("IJ") Jeffrey Chase's denial of her motion to reopen exclusion proceedings. We assume the parties' familiarity with the facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA adopts or defers to that decision. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the agency has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

In this case, the IJ provided rational explanations for denying Wang's motion; reasoning that the new family planning law that China enacted in September 2002 did not constitute a sufficient change in conditions to warrant reopening. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275–76 (2d Cir.2006). Furthermore, Wang failed to exercise due diligence by pursuing her claims at such a late date. The IJ provided a clear and rational explanation for denying Wang's motion to reopen, and neither his decision or the BIA's affirmance of that decision was an abuse of discretion.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).